## SHUBERT *v.* THOMPSON, TRUSTEE.

[No. 16,490. Filed March 4, 1941.]

*Emmanuel H. Baugh* and *E. Menzies Lindsey,* both of Evansville, for appellant.

*Hatfield & Hatfield,* of Evansville, and (*K. L. Richmond,* of Chicago, Illinois, of counsel), for appellee.

CURTIS, C. J.—This is an appeal from a judgment against the appellant and in favor of the appellee that the appellant take nothing by her complaint and for costs, in an action wherein the appellant, as plaintiff, sought to recover from the appellee for damages suffered by the appellant as the result of the death of the appellant's minor child, caused by the alleged negligence of the appellee.

Issues were joined by the appellant's first and second paragraphs of complaint and the appellee's answer in general denial to each of said paragraphs. The appellant dismissed her third paragraph of complaint before trial. Said issues were submitted for trial before a jury, resulting in a verdict in favor of the appellant against the appellee, in the sum of $1,350.00. The court had submitted six interrogatories to the jury to be answered and returned with the verdict, which was accordingly done, and the jury discharged. Thereafter, on the next day, the appellant moved the court for judgment upon the verdict of the jury, which motion the court overruled; and to this ruling the appellant excepted. Thereupon, on the same day, the appellee filed a written motion for judgment notwithstanding the general verdict, which motion was sustained, to which ruling the appellant excepted. The court then rendered judgment that the appellant take nothing by her complaint, and that appellee recover costs. To the

rendition of this judgment, the appellant excepted. This appeal followed.

The errors assigned in this court are:

"(1) The court erred in overruling the motion of the appellant for judgment for the appellant and against the appellee, pursuant to the verdict of the jury.

"(2) The court erred in sustaining the motion of the appellee for judgment for appellee and against the appellant, notwithstanding the verdict of the jury.

"(3) The court erred in rendering judgment in favor of the appellee and against the appellant, notwithstanding the verdict of the jury."

The gist of the allegations of alleged negligence in the first paragraph of said complaint is that the railway company, by its section crew, in clearing its right of way, set fire to certain dry grass and weeds that had grown up on the right of way and that "said section crew carelessly and negligently left the scene of the fire and allowed it to escape from the right of way and to burn the weeds and grass of the yard of Mrs. Branson, which yard adjoined the right of way of the defendant's railroad, where the plaintiff's minor daughter, Faye, age five (5) years, was playing in the front yard. That said child was a minor five (5) years of age and was too young to know the danger of playing near the fire. . . . That the death of the plaintiff's minor daughter was caused solely and proximately by the carelessness and negligence of the defendant railway corporation, its agents, and employees in allowing the fire to escape from the right of way of the defendant's railroad to the land adjoining said railroad and in which the plaintiff's minor daughter was playing at the time herein complained of. That the defendant railroad corporation, acting by and through its agent, the foreman of the section crew, was careless and negli-

gent in leaving with his men from the place they had started the fire without being absolutely sure that the fire was extinguished. That had said foreman and his men used ordinary care and caution, they would have put out said fire and, if necessary, put water or dirt on the same to prevent its spreading to the land where the plaintiff's minor child was playing." Here follow the allegations as to injury and damage and then the prayer. It will be observed that the allegations of this paragraph are that the fire was negligently allowed to spread to the land where the child was playing.

The six interrogatories submitted by the court to the jury and the answers are as follows:

"(1) Did the accident and injury charged in plaintiff's complaint occur in the State of Illinois?

"Answer: Yes.

"(2) Did the accident and injury alleged in plaintiff's complaint occur on the right-of-way of the defendant,

"Answer: No.

"(3) Did the accident and injury referred to in plaintiff's complaint occur in the yard of Mr. Branson?

"Answer: Yes.

"(4) Was the accident and injury to Faye Shubert caused by fire burning dead grass in the yard of Mr. Branson?

"Answer: Yes.

"(5) If you answer that Faye Shubert was injured while in the yard of Mr. Branson by fire, was this fire started by other children carrying fire to the Branson yard and igniting the grass in the Branson yard?

"Answer: Yes.

"(6) If you find from the evidence that Faye Shubert was burned by fire from burning grass in the Branson yard and that her clothing caught fire, then state how and what caused her clothing to be fired.

"Answer: Got too close to the fire."

The decisions of this state have made it perfectly clear that a general verdict of a jury will be allowed to stand unless the answers to the interrogatories are in irreconcilable conflict with it. Both sides agree that this principle is fundamental. No citation of authorities is needed in support of it.

It will be noted that the said first paragraph of the complaint, as the basis for alleged negligence, charged that the appellee's agents and servants negligently allowed the fire to escape from the appellee's grounds to the yard of one Mrs. Branson, where the appellant's infant child was playing, and that this fire in the said yard was the fire which injured the child. The jury found otherwise by the answer to the fifth interrogatory. The fire that caused the injury to the child was thus found by the jury to be the fire started by children carrying fire to the Branson yard and not by the spread of the fire as charged. The appellant correctly argues that in an attempt to reconcile the answers to the interrogatories with the general verdict all reasonable intendments and inferences will be indulged in favor of the general verdict. In connection with this argument, the appellant says that it might reasonably be inferred that the fire both spread and was carried by the children; and that a proper inference could be drawn that the fire that caused the injury was the fire that spread. It will be noted, however, that interrogatory number five and its answer specifically limited the fire that caused the injury to the fire "started by other children carrying fire to the Branson yard and igniting the grass in the Branson yard." According to the interrogatory and its answer THIS fire caused the injury. In so far as the first paragraph of the complaint is concerned, we cannot reconcile the answer to interrogatory number five with

the general verdict. The verdict, therefore, cannot stand upon the first paragraph of the complaint.

The second paragraph of the complaint, in its main recitals, is identical with the first paragraph. The material difference between the two paragraphs is that the controlling charge of negligence in the second paragraph is that the section crew in burning the debris heretofore mentioned set fire to an old cross-tie on the right of way, and that it burned after the grass fire was extinguished, and that the said crew left in the afternoon without entirely putting out the fire in the old cross-tie, and that children were playing near the cross-tie fire; that "nevertheless said crew left and as they did leave, the children carried some fire from the burning cross-tie to Mrs. Branson's yard where more dried grass was burning and where the plaintiff's minor child was playing. That while said child was playing at the place above described its clothes caught fire" causing the injury. This paragraph of the complaint was filed the day before trial and was not demurred to but was answered by general denial as heretofore pointed out. When this paragraph of the complaint is considered along with the answer to it, the general verdict and the answers to the interrogatories, it seems clear that the act of these children in carrying fire from the old cross-tie to the yard of Mrs. Branson was an independent intervening agency, and that the fire in the old cross-tie is too remote a cause upon which to base the verdict of the jury. The appellee could not be held to be an insurer against the act of these children in carrying the fire to the Branson lot. There is nothing to indicate that these children were under the custody or control of the appellee, or that they were not trespassers on the appellee's right of way. It seems clear that the fire left in the old cross-tie was not the

proximate cause of the child's injury. See: *Dabrowski* v. *Illinois Cent. R. Co.* (1939), 303 Ill. App. 31, 24 N. E. (2d) 382, and the numerous cases cited therein on this point. The Supreme Court of the United States in discussing the principle we have before us said in the case of *Atchison, T. & S. F. Ry. Co.* v. *Calhoun,* 213 U. S. 1:

> "But, even where the highest degree of care is demanded, still the one from whom it is due is bound to guard only against those occurrences which can reasonably be anticipated by the utmost foresight. It has been well said that, 'if men went about to guard themselves against every risk to themselves or others which might, by ingenious conjecture, be conceived as possible, human affairs could not be carried on at all. The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither neglect what he can forecast as probable, nor waste his anxiety on events that are barely possible. He will order his precaution by the measure of what appears likely in the known course of things.' "

It follows that the trial court did not err in rendering judgment for the appellee notwithstanding the general verdict.

Judgment affirmed.

NOTE.—Reported in 32 N. E. (2d) 120.